IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 8:22-cv-191-PX |
| BOB BAKERS GOLDEN SERVICES INC., *et al.*, | * | |
| | * | |
| Defendants. | | |

\*\*\*

**MEMORANDUM OPINION**

Pending before the Court in this tax enforcement action are the motions for default judgment filed by Plaintiff United States of America (the "Government"). ECF Nos. 13 & 16. Defendants Bob Bakers Golden Services, Inc. ("Bob Bakers") and Christine Parker have not responded to the Complaint or these motions, and the time for doing so has passed. *See* Loc. R. 105.2.a. The matter has been briefed, and no hearing is necessary. *See* Loc. R. 105.6. For the following reasons, the Court GRANTS the motions.

**I.     Background[1]**

Parker is the owner, president, and registered agent of Bob Bakers, an HVAC installation and repair company. ECF No. 1 ¶¶ 4–6. Parker makes all financial decisions for the company and is responsible for ensuring that Bob Bakers complies with its tax obligations. *Id.* ¶¶ 10–11. Since the first quarter of 2013, Bob Bakers has consistently failed to make timely and sufficient federal tax deposits. *Id.* ¶ 8. As of February 7, 2022, Bob Bakers owed the Government over $2.5 million in outstanding taxes. *Id.* ¶ 9.

---

[1] The Court accepts all well-pleaded allegations as to liability as true. *See S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 422 (D. Md. 2005).

For years, the Government has attempted unsuccessfully to collect the outstanding tax obligations. *Id.* ¶ 14. The Government recorded Notices of Federal Tax Lien, hand-delivered written demand letters to Bob Bakers, and assessed trust fund recovery penalties ("TFRPs") against Parker, pursuant to 26 U.S.C. § 6672, for her failure to ensure Bob Bakers' compliance with its tax obligations. *Id.* ¶ 12–14. As of January 17, 2022, Parker owed the Government an additional $715,000 in outstanding TFRPs. *Id.* ¶ 13.

On January 26, 2022, the Government filed suit in this Court to reduce to judgment the outstanding taxes and TFRPs owed, plus interest and other statutory additions that will continue to accrue by law. *Id.* ¶¶ 20, 29. The Government also seeks a permanent injunction against Defendants to compel compliance with federal tax laws. *Id.* ¶¶ 30–38.

On February 3, 2022, Defendants were served with the Complaint. ECF Nos. 6 & 7. They have not responded to the Complaint or otherwise participated in the litigation. Accordingly, on May 6, 2022, the Clerk of this Court entered default against them pursuant to Federal Rule of Civil Procedure 55(a). ECF No. 9. On September 21, 2022, the Government moved for default judgment, seeking entry of a "sum certain" under Rule 55(b)(1). ECF No. 13. On October 12, 2022, the Government separately moved for default judgment as to the request for injunctive relief. ECF No. 16.

## II.     Standard of Review

Federal Rule of Civil Procedure 55(b) governs default judgment, which may be entered by the Clerk "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). If the requested sum is neither certain nor ascertainable through computation, a party must move the Court to enter default judgment. Fed. R. Civ. P. 55(b)(2). Courts in this district have decided motions seeking to compel payment of overdue

taxes under Rule 55(b)(2) even where the motion sought clerk's entry of default judgment under Rule 55(b)(1). *See United States v. Kachikwu*, No. 21-1546-GJH, 2023 WL 155248, at *1 n. 2 (D. Md. Jan. 11, 2023) ("The Government asks the Clerk to enter a default judgment for a specific amount of delinquent taxes under Rule 55(b)(1); however, the Court will exercise its discretion in deciding the issue pursuant to Rule 55(b)(2)."); *United States v. Moschonas*, No. 19-332-DKC, 2020 WL 6545884 (D. Md. Nov. 6, 2020); *United States v. Green*, No. 22-1226-ELH, 2022 WL 16575721 (D. Md. Nov. 1, 2022). Because the Government seeks both monetary and injunctive relief, the Court will decide both motions pursuant to Rule 55(b)(2).

While the Fourth Circuit maintains a "strong policy that cases be decided on the merits," *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 462 (4th Cir. 1993), default judgment may be appropriate where a party is unresponsive, *Lawbaugh,* 359 F. Supp. 2d at 421. When considering a motion for default judgment, the Court accepts as true all well-pleaded factual allegations, other than those pertaining to damages. *See id*. at 422; Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). To determine whether the allegations are well-pleaded, the Court applies the standards announced in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See, e.g., Balt. Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 544 (D. Md. 2011). Where a complaint offers only "labels and conclusions" or "naked assertion[s] devoid of further factual enhancement," the Court will not enter default judgment. *Id*. at 544–45 ("The record lacks any specific allegations of fact that 'show' why those conclusions are warranted.").

If the complaint avers sufficient facts from which the Court may find liability, the Court next turns to damages. Damages are circumscribed by that which is requested in the complaint.

3

*See* Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."). The damages request must be supported by evidence introduced either at a hearing or by affidavit or other records. *See Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 794–95 (D. Md. 2010).

### III. Analysis

#### A. Unpaid Tax Liability and Damages – Counts I & II

The Government first seeks a judgment against Bob Bakers and Parker for outstanding taxes and penalties. ECF No. 13. The Government contends that Bob Bakers failed to withhold employees' federal income and Federal Insurance Contributions Act ("FICA") taxes, hold those taxes in trust, and pay them over to the Internal Revenue Service ("IRS") along with the employer's own FICA and Federal Unemployment Tax Act ("FUTA") taxes, in violation of 26 U.S.C. §§ 3102, 3111, 3301, 3402, 6157, 6302, and 7501. ECF No. 1 ¶¶ 7–9. As to Parker, the Government contends that she failed to pay TFRPs imposed under 26 U.S.C. § 6672. *Id.* ¶¶ 12–13; *see also* 26 U.S.C. § 6672(a); *Plett v. United States*, 185 F.3d 216, 218 (4th Cir. 1999).

In support of these contentions, the Government provides the sworn declaration of IRS Revenue Officer Victoria Wright, who attests that Defendants failed to comply with the above-described federal tax obligations. ECF No. 13-1. Wright's declaration reflects total unpaid tax assessments of $2,669,693 as to Bob Bakers and $736,114 in outstanding TFRPs as to Parker. *Id.* The Government has also produced IRS account transcripts that corroborate the accuracy of these assessments. ECF Nos. 13-2 & 13-3.

Tax assessments are entitled to a legal presumption of correctness as to both tax liability and the specific amount owed. *United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002); *United States v. Zen Enters.*, No. 19-3294-DKC, 2021 WL 3112931, at *3 (D. Md. July 22,

2021); *Green*, 2022 WL 16575721, at *4 (applying this rule to TFRPs). The assessments establish a prima facie case of tax liability and shift the burden to Defendants to refute the assessments. *United States v. Janis*, 428 U.S. 433, 440-41 (1976); *Zen Enters.*, 2021 WL 3112931, at *3. Defendants have failed to respond to the Government's motion or to otherwise refute the accuracy of the assessments. Accordingly, the Government has established that Defendants are liable for unpaid taxes and penalties as reflected in the assessments. The Court will grant the Government's motion for default judgment as to Counts I and II and enter judgment against Bob Bakers for $2,669,693, and against Christine Parker for $736,114.[2] The judgment will also include any statutory additions and interest accrued after October 3, 2022, until Defendants' tax liabilities are paid in full. *See Moschonas*, 2020 WL 6545884, at *3; *Kachikwu*, 2023 WL 155248, at *2.

### B.     Permanent Injunction – Count III

In Count III of the Complaint, the Government seeks an injunction under 26 U.S.C. § 7402(a) to compel Defendants' compliance with federal tax laws. ECF No. 16. Specifically, the Government asks that the Court direct Defendants to withhold federal income, FICA, and FUTA taxes from employees' wages; deposit the withheld taxes in an appropriate federal depository bank; pay those taxes to the IRS as they become due; timely file all tax returns and file any delinquent tax returns within 60 days; pay all outstanding tax liabilities prior to assigning property or making payments; report compliance to the IRS by the 20th day of each month; and notify the IRS of Parker's involvement in new business enterprises. ECF Nos. 16-1 at 8; 16-3.

---

[2] Although these amounts are greater than the specific amounts requested in the Complaint, because the Complaint also requested "interest and other statutory additions to tax that will continue to accrue as provided by law," it is proper under Rule 54(c) to award the full amounts owed as of October 3, 2022. ECF No. 1 ¶¶ 20, 29.

26 U.S.C. § 7402(a) authorizes the Court to issue an injunction "as may be necessary or appropriate for the enforcement of the internal revenue laws." 26 U.S.C. § 7402(a). Courts have found that it is "necessary or appropriate" to grant such relief if, based on the totality of the circumstances, "defendant is reasonably likely to violate the federal tax laws again." *United States v. R & K Tile, Inc.*, No. 14-3025-CCB, 2015 WL 1736802, at *3 (D. Md. Apr. 14, 2015) (quoting *United States v. Thompson*, 395 F. Supp. 2d 941, 945–46 (E.D. Cal. 2005)). In considering the propriety of injunctive relief, the Court considers several non-exhaustive factors, to include (1) the gravity of harm caused by the offense; (2) the extent of the defendant's participation and her degree of scienter; (3) the isolated or recurrent nature of the infraction and the likelihood that the defendant's customary business activities might again involve her in such transaction; (4) the defendant's recognition of her own culpability; and (5) the sincerity of her assurances against future violations. *Id.*

All applicable factors weigh in favor of the requested injunction. Defendants' offense is among the most serious, persistent, and flagrant. They have wholly refused to honor their tax obligations, despite the Government's repeated efforts to secure their compliance. ECF Nos. 1 ¶ 14; 16-2 ¶¶ 10–12. Consequently, Defendants have racked up over $2.5 million in tax liability and another $730,000 in penalties. ECF Nos. 1 ¶¶ 9–13; 16-2 ¶¶ 6–9. Indeed, even after the lawsuit began, Defendants continued to blatantly flout their tax obligations. ECF No. 16-2 ¶ 13. Thus, the record amply reflects that the requested injunctive relief is "necessary and appropriate" under § 7402(a). *See United States v. Chesapeake Firestop Prods., Inc.*, No. 17-3256-DKC, 2018 WL 3729036, at *3 (D. Md. Aug. 6, 2018).[3]

---

[3] Alternatively, some courts review the propriety of § 7402(a) injunctive relief under the more traditional equitable factors, considering whether: (1) the government has suffered irreparable harm; (2) at-law remedies can address the harm; (3) the balance of hardships tips in favor of the requested relief; and (4) the public interest would be disserved by the proposed relief. *See Zen Enters.*, 2021 WL 3112931, at *5 (collecting cases); *Legend Night Club v. Mille*r,

IV.	**Conclusion**

For the foregoing reasons, the Court grants the Government's motions for default judgment.  A separate Order follows.

| | |
|---|---|
| 5/8/2023 | /S/ |
| Date | Paula Xinis |
| | United States District Judge |

---

637 F.3d 291, 297 (4th Cir. 2011) (quoting *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006)).  Those factors favor injunction here.  The Government has already demonstrated permanent, ongoing irreparable harm in continuously attempting to bring Defendants into compliance with the tax laws.  *See Chesapeake Firestop Products*, 2018 WL 3729036, at *3.  Second, at-law remedies have done little to address Defendants' chronic lack of compliance.  *See* ECF Nos. 1 ¶ 14; 16-2 ¶¶ 10–12.  Third, the Court discerns no "hardship" in compelling Defendants' compliance with the tax laws.  And last, that same compliance certainly benefits the public.  *See Zen Enters.*, 2021 WL 3112931, at *6; *Chesapeake Firestop Prods.*, 2018 WL 3729036, at *4.